UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JALEN DISHONNE FORREST                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:25-CV-605-JHM

LOUISVILLE METRO GOVERNMENT, *et al*.                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Jalen Dishonee Forrest filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice and with leave to file an amended complaint.

### I.  SUMMARY OF COMPLAINT

Plaintiff identifies as a pretrial detainee housed at the Louisville Metro Jail. He names as Defendants Louisville Metro Government (LMG), the Louisville Public Defender,[1] and the Commonwealth of Kentucky, alleging violations of his constitutional rights stemming from his state criminal proceedings and pretrial detention. (DN 1, DN 1-3).[2]

Plaintiff's complaint indicates that he has been detained in the Louisville Metro Jail on a fugitive warrant from Indiana since September 19, 2023. (DN 1-3, PageID.35). Plaintiff states that the Jail "kept me and charged me in allege murder of my stepfather," and that Plaintiff has "no record in Ky. or Ind." (DN 1-3, PageID.35). He alleges that he was appointed a public

---

[1] Effective July 1, 2024, the Department of Public Advocacy (DPA) assumed administration of indigent defense services formerly provided by the Louisville—Jefferson County Public Defender Corporation. *See* Ky. Rev. Stat. § 31.030 (2024); 2023 KY H.B. 568. The Court will refer to this defendant as "DPA" herein.

[2] Plaintiff initiated this action using a general civil complaint form (DN 1) and supplemented his pleading with the Court-approved complaint form for *pro se* prisoner § 1983 cases. (DN 1-3). The Court reads these pleadings together and provides its best interpretation of the claims for purposes of initial review.

defender on September 20, 2023, who "failed to file any motions for fast & speedy dismissal" because a "contract was coming up" between the DPA and "the city." (*Id*., see also DN 1, PageID.7). The complaint also states, "investigator is 4 of 11 needed in Lou Metro Gov. No witnesses were contacted on my behalf nor on the behalf of stepfather. 'Delayed response.' Same day his [apartment] was ransacked by public." (*Id*.). Under "Statement of Claims," Plaintiff lists the following:

> 4th Unreasonable gov. searches & seizure
>
> 5th Lack of Legal Representation – No attorney appointed & prior ineffective counsel. Eventually given 3 months later.
>
> 6th Speedy Trial Violation – delay over 2 years by not bring me to trial in a reasonable time
>
> 8th Conditions of Confinement – Inhumane unsafe unsanitary jail conditions
>
> 14th Due Process Violations – Case re-started improperly & deprivation of liberty
>
> Brady Violation – Prosecution failed to disclose exculpatory evidence

(DN 1, PageID.5; DN 1-3, PageID.36). Plaintiff alleges that LMG "is responsible for the policies & oversight of local detention facilities & public safety services." (DN 1, PageID.7, DN 1-3, PageID.37).[3] He concludes that the above conduct caused him "loss of freedom, prejudice, mental spiritual, emotional, physical & financial despair & anguish[;] attacks, anxiety, med. neg.[,] high blood pressure, PTSD, harassment[;] people opinion & judgment culture shock, economic rationale, psychological methods, Anglo Saxon ideas methods of instrument master/slave relationship." (DN 1-3, PageID.36).

---

[3] Plaintiff also writes, "excessive bail, severely understaffed, lack of training, jail unsanitized, unhealthy environment, culture shock but no limited to no court doc or filing on KYOCS or send mail" under the "Amount in Controversy" heading of the initial complaint. (DN 1, PageID.6-7).

As relief, Plaintiff seeks monetary damages in the amount of $328 billion, release from detention, and for his constitutional rights to be "protected & respected." (*Id.*, PageID.38).

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Claims against the Commonwealth of Kentucky and DPA

It is well-settled that a state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The DPA is a department of the Commonwealth of Kentucky. *Westermeyer v. Ky. Dep't. of Pub. Advocacy*, No. 2: 10–131–DCR, 2011 WL 830342, at *3 (E.D. Ky. Mar. 3, 2011) (Ky. Rev. Stat. § 31.010 establishes DPA as state agency). Moreover, "the Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47 (1993). "[B]ecause Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity" under § 1983, Plaintiff's claims against the Commonwealth and the DPA cannot proceed. *Sefa*, 510 F. App'x at 437 (citing *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (recognizing that § 1983 claims against a state agency are barred by the Eleventh Amendment)). The Court will therefore dismiss

Plaintiff's claims against the Commonwealth and the DPA for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

Additionally, if Plaintiff were to sue his appointed public defender individually, his claims would still fail because a defense attorney, regardless of whether he or she is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *McBee v. Campbell Cnty. Det. Ctr.*, No. 17-5481, 2018 WL 2046303, at *4 (6th Cir. Mar. 15, 2018) ("[A]public defender [ ] is [ ] not subject to liability under § 1983 as she 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'") (citation omitted). Thus, any claim against Plaintiff's appointed defense attorney in his or her individual capacity would be subject to dismissal for failure to state a claim upon which relief may be granted.

A claim against the prosecuting attorneys would yield the same result, regardless of the capacity in which they are sued. Because "[o]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)), any official capacity claim against his prosecutor(s) would be dismissed for the same reason as his claims against the Commonwealth. As to individual liability, prosecutors that initiate and pursue a criminal prosecution and present the Commonwealth of Kentucky's case enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976);

5

*Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004).  Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously.  *See, e.g., Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).  Therefore, any claims against the prosecutors in Plaintiff's criminal case would be subject to dismissal for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

### B.  Claims against LMG

Plaintiff states that LMG "is responsible for the policies & oversight" of local detention facilities and public safety services.  When a § 1983 claim is made against a municipal government such as LMG, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex*., 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 69.  Plaintiff's allegation is threadbare; he does not identify a policy or custom by LMG or any specific constitutional injury.  Because Plaintiff alleges no facts establishing that any violation of his constitutional rights due to a policy or custom of LMG, his claim against it must be dismissed.  *See e.g., Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"); *Clemans v. Scarborough*, No. 3:24-CV-P334-JHM, 2024 WL 4453819, at *2 (W.D. Ky. Oct. 9, 2024) (dismissing *Monell* claim on initial review where allegation of "unconstitutional customs" was "too vague and conclusory to state a claim upon which relief may be granted.").

## C.  Request for release

As to Plaintiff's request for release from pretrial detention, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  As such, release from detention is not an available remedy under § 1983.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.") (citing *Preiser*, 411 U.S. at 488-490)).

## D.  Claims pertaining to criminal prosecution

Plaintiff alleges numerous constitutional violations arising from the ongoing state criminal proceeding against him, including violations of his rights to speedy trial, counsel and effective assistance of counsel, due process, and to be free from unreasonable searches and seizures.

The doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from interfering in ongoing criminal proceedings.  The doctrine "provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.,* 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)).  The Commonwealth of Kentucky has an important interest in adjudicating Plaintiff's criminal action, and Plaintiff has not articulated any reason to believe that the Kentucky

state courts will not fully and fairly litigate his constitutional claims.  If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process and post-conviction relief.  Thus, all three factors supporting *Younger* abstention are present in this case.

While a stay is generally appropriate in § 1983 claims for damages where *Younger* is applicable, *see Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), Plaintiff's claims are nonetheless subject to dismissal for the reasons articulated above.  *See Green v. Paley*, No. 2:24-CV-3459, 2024 WL 3890693, at *7 (S.D. Ohio Aug. 21, 2024), *report and recommendation adopted*, 2024 WL 4278324 (S.D. Ohio Sept. 24, 2024) (finding that "a stay under *Younger* would be inappropriate, as Plaintiff's claims are otherwise subject to dismissal . . . ."); *Rucker v. Heekin*, No. 1:18-CV-05, 2018 WL 348101, at *5 (S.D. Ohio Jan. 10, 2018) ("Although claims for monetary damages may be stayed in lieu of dismissal . . . dismissal of the entire complaint is appropriate in this case because Plaintiff's claims also fail to state a claim for relief against any identified Defendant."); *King v. Halburnt*, No. 3:19-CV-00360, 2020 WL 1322046, at *3 (S.D. Ohio Mar. 20, 2020), *report and recommendation adopted*, 2020 WL 6144507 (S.D. Ohio Oct. 20, 2020) (Explaining that, "a stay . . .  rather than dismissal would be warranted," where a plaintiff seeks both monetary damages and equitable relief, if the plaintiff "faced no other ground for dismissal.").

**E.  Amendment**

Plaintiff's complaint consists largely of labels, rhetoric, and conclusions unsupported by factual allegations that do not comply with the *Iqbal*/*Twombly* standard discussed above, or with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8, and giving defendants fair

notice of the plaintiff's legal claims and the factual grounds on which they rest. *Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citation omitted).

The Court may allow a prisoner to amend his complaint even when the complaint is subject to dismissal under 28 U.S.C. § 1915A. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Before doing so, the Court will first consider whether amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a *sua sponte* dismissal, it is not required to do so . . . and leave to amend should be denied if the amendment would be futile.") (citing *LaFountain*, 716 F.3d at 951). The complaint as presented contains insufficient information for the Court to determine futility. Accordingly, the Court will dismiss this action without prejudice and with leave to amend the complaint, allowing him the opportunity to provide additional factual allegations pertaining to his conditions of confinement at the Louisville Metro Jail,[4] naming the appropriate Defendant(s) and explaining what actions they took, or to identify a specific policy or custom of the LMG that created the unconstitutional conditions he claims. *See Kensu v. Corizon, Inc*., 5 F.4th 646, 653 (6th Cir. 2021) (if a complaint violates Rule 8, one option is for a district court to "dismiss without prejudice and with leave to amend").

### IV.  CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action without prejudice and with leave to file an amended complaint.

---

[4] While Plaintiff appears to raise this claim under the Eighth Amendment, the Fourteenth Amendment applies to conditions of confinement claims brought by pretrial detainees. *Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cnty*., 14 F.4th 585, 591 (6th Cir. 2021)).

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a

§ 1983 complaint form and send it to Plaintiff, should Plaintiff choose to amend the complaint.

Any amended complaint must be filed on or before **May 15, 2026**.

Date:   April 15, 2026

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:       Plaintiff, *pro se*
4414.015

10