**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JALEN DISHONNE FORREST**                                                          **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:25-CV-605-JHM**

**LOUISVILLE METRO GOVERNMENT,** *et al.*                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jalen Dishonne Forrest filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.  By prior Memorandum Opinion and Order, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the action without prejudice and with leave to amend the complaint.  (DNs 12, 13).  Plaintiff has filed an amended complaint. (DN 18).  The Court will reopen the action and undertake initial review of the amended complaint pursuant to § 1915A.

## I. BACKGROUND

Plaintiff's original complaint and supplement broadly alleged violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments against Defendants Louisville Metro Government (LMG), the Department of Public Advocacy, and the Commonwealth of Kentucky. (DNs 1, 1-3).  The claims consisted largely of labels, rhetoric, and conclusions unsupported by factual allegations which the Court determined failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state plausible claims for relief under the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  (DN 12).  The Court additionally dismissed all of Plaintiff's claims against the Commonwealth of Kentucky and the Department of Public Advocacy for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune

from suit; his request for release from detention as non-cognizable under § 1983; and his claims pertaining to his ongoing state criminal prosecution under *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.*).

The Court dismissed the action without prejudice and with leave to amend the complaint to afford Plaintiff the opportunity to provide additional factual allegations pertaining to his conditions of confinement at the Louisville Metro Jail, to name the appropriate Defendant(s) and explain what actions they took, or to identify a specific policy or custom of the LMG that created the unconstitutional conditions he claimed. (*Id.*).

The day before Plaintiff's amended complaint was due, he filed a motion to extend the time in which to file the amended complaint. (DN 14). The Court ordered that the case be reopened and granted Plaintiff's request, providing an extension of 45 days. (DN 15). Despite the Court's warning that the action would be dismissed for noncompliance, Plaintiff did not file an amended complaint by the extended deadline, and the action was dismissed pursuant to Fed. R. Civ. P. 41(b). (DN 17). One week after the deadline passed, Plaintiff filed an amended complaint, which is currently before the Court. (DN 18). The Court construes the amended complaint **(DN 18)** as requesting to reopen this case, which the Court **GRANTS**. The Court **DIRECTS the CLERK OF COURT to restore this case to the Court's active docket**.

The Court will review the amended complaint pursuant to § 1915A.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

2

relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

Plaintiff's amended complaint states as follows:

Plaintiff Jalen D. Forrest is a pretrial detainee @ LMDC during the relevant period "legally entitled" to the presumption of innocence & constitutional protection under the Fourteenth Amendment was not enforced[.]

September 18, 2023 @ 4500 Broadleaf Lou. KY 40223 I was arrested by Lou. Metro Police on alledgations & accusation approx. 3:40 pm. until this date[.]

Pursuant to Monell v. Dept of Social Services . . . Craig Greenberg, Jerry Collins, James Erwin, & Scott Jordan[;] no due process[,] have a right to reasonable protection from violence & severe harm while in municipal custody & unlawful pretrial punishment[.]

Municipal policy & custom causing cruel & punitive conditions, failure to protect/failure to train & supervise[.] Plaintiff [illegible] presumption of innocence & protected against punitive conditions under the Fourteenth Amendment[.] Plaintiff . . . is subjected to unconstitutional, dangerous & punitive conditions[.]

Failure to protect/unconstitutional protection[.] 14th Amend. protection from hazardous conditions[.] Defendants acted with deliberation which risk physical harm to Plaintiff . . . violation of the presumption of innocence / punitive conditions of confinement[.]

(DN 18) (cleaned up). As relief, Plaintiff seeks "release from illegal detention" and punitive damages in the amount of "328 billion."

Plaintiff has alleged no new facts in support of his conditions of confinement claim or any other claim he seeks to raise in the amended complaint. Instead, it appears that he seeks to name four new Defendants—Craig Greenberg, Mayor of Louisville Metro Government; Jerry Collins, Director at Louisville Metro Department of Corrections; James Erwin, Commissioner at Louisville Metro Department of Corrections; and Scott Jordan, Deputy Commissioner of Adult Institutions— in their individual and official capacities.

Plaintiff ascribes no actions to any of these Defendants. If a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764

4

(6th Cir. 2002) (dismissing plaintiff's claims because the complaint did not "allege with any degree of specificity which of the named defendants were personally involved in or responsible for each" alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Thus, the individual capacity claims against these Defendants must be dismissed for failure to state a claim upon which relief may be granted.

Nor does Plaintiff allege the existence of a municipal policy or custom as required to assert claims against them in their official capacities. "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official capacity claims are actually against the Defendants' employer, LMG.

In this regard, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff alleges no facts establishing any violation of his constitutional rights, much less one due to a policy or custom of LMG. His bare assertion of "municipal policy & custom causing

5

cruel & punitive conditions" is too vague to state an actionable claim. *See e.g.*, *Assi v. Hanshaw*, 625 F. Supp. 3d 722, 750 (S.D. Ohio 2022) (dismissing a claim for *Monell* liability because it was "simply too conclusory to survive"); *Clemans v. Scarborough*, No. 3:24-CV-P334-JHM, 2024 WL 4453819, at *2 (W.D. Ky. Oct. 9, 2024) (dismissing *Monell* claim on initial review where allegation of "unconstitutional customs" was "too vague and conclusory to state a claim upon which relief may be granted"). Therefore, Plaintiff's claims against the Defendants in their official capacities and LMG must be dismissed.

The Court previously dismissed Plaintiff's claim for injunctive relief in the form of release from detention. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). For the same reasons as stated in the Court's prior Memorandum Opinion (DN 12), his claim for injunctive relief must again be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's amended complaint still offers only labels and conclusory statements. There is no indication of how or when any of the Defendants were involved in the allegedly unconstitutional conditions of confinement, nor does Plaintiff describe the nature of the conditions he seeks to challenge here. Despite an extension of time and ample opportunity to remedy the deficiencies in his original complaint, Plaintiff failed to add substantive allegations to the amended complaint. These barebones allegations fall short of the specificity required to state a claim and thus fail to provide the fair notice of his claims against Defendants. *See Twombly* 550 U.S. at 555. Plaintiff's claims must therefore be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:    August 11, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.015

7